**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No. 11-cv-23318-KMM

GABRIEL SOSA as son and best friend
of EUGENIO GABRIEL SOSA,

       Plaintiff,

vs.

BANKERS LIFE & CASUALTY Co.,

       Defendant.

_____/

## ORDER GRANTING MOTION TO REMAND

THIS CAUSE came before the Court upon Plaintiff's Motion to Remand and for
Recovery of Attorneys' Fees (ECF No. 10). Defendant filed a Response (ECF No. 14). Plaintiff
filed a Reply (ECF No. 15). This Motion is now ripe for review.

UPON CONSIDERATION of the Motion, the Response, the Reply, the pertinent portions
of the record, and being otherwise fully advised in the premises, the Court enters this Order.

## I.    BACKGROUND[1]

Plaintiff Gabriel Sosa initially filed the Complaint in this matter in the Eleventh Judicial
Circuit in Miami-Dade County. Sosa seeks damages and reimbursement for home healthcare
under his policy with Defendant Bankers Life & Casualty Insurance Co. ("Bankers"). Compl. ¶
1. Sosa's Complaint claims damages in excess of $15,000, as well as attorneys' fees. Id.
Bankers removed this action to this Court pursuant to 28 U.S.C. § 1332(a). Sosa now seeks
remand of this matter, claiming that the dispute does not meet the $75,000 amount in controversy
required for federal court jurisdiction.

_____

[1] The factual background is taken from the Plaintiff's Motion to Remand, Defendant's
Response, Plaintiff's Complaint (ECF No. 1-2), and Defendant's Notice of Removal (ECF No.
1).

## II.   STANDARD OF REVIEW

"A removing defendant bears the burden of proving proper federal jurisdiction." Murillo v. Am. Airlines, Inc., No. 09-22894-CIV, 2010 WL 1740710, at *1 (S.D. Fla. Apr. 29, 2010) (citing Leonard v. Enter. Rent-A-Car, 279 F.3d 967, 972 (11th Cir. 2002)) (citation omitted). A defendant may only remove an action from state court if the federal court would possess original jurisdiction over the subject matter. 28 U.S.C. § 1441(a). A district court may exercise jurisdiction over a matter on diversity grounds where the amount in controversy exceeds $75,000, and the suit is between citizens of different states. 28 U.S.C. § 1332(a)(1). The removing party must make a showing of the amount in controversy by a preponderance of the evidence. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001); Lowery v. Alabama Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007). As a general rule, future potential benefits are not to be taken into consideration in determining the amount in controversy when a plaintiff seeks to recover unpaid benefits under an insurance policy, and does not challenge the validity of the policy. See Traveler's Ins. Co. v. Greenfield, 154 F.2d 950, 952 (5th Cir. 1946). Judges in this district have held that in such an insurance benefits claim, the amount in controversy is not the value of the policy, but only the damages incurred at the time of removal. See Foreman v. Bankers Life and Casualty Co., 2011 WL 3625859, slip op. at 2 (S.D. Fla. Aug. 18, 2011); Siegel v. Bankers Life and Casualty Co., No. 11-23244 (S.D. Fla. Nov. 18, 2011).

## III.   ANALYSIS

### A.   Motion to Remand

Sosa claims his damages at the time of removal were less than $56,300 plus nominal attorneys fees. Mot. to Remand ¶ 15. Instead of disputing the amount Sosa claims in damages, Bankers argues that the Court should look to the policy limit of $109,500 to determine the amount in controversy. Bankers offers no legal authority for this argument, whereas, Sosa cites

cases that counsel against looking to the policy limit to determine the amount in controversy. Bankers also fails to assert any valid rationale for recognizing the policy limit as the amount in controversy.

The Defendant has the burden of demonstrating the amount in controversy meets the $75,000 minimum by a preponderance of the evidence, and in this case, Bankers has failed to do so. Williams, 269 F.3d at 1319. Accordingly, this cause is remanded to the Eleventh Judicial Circuit in Miami-Dade County.

    B.    Motion for Attorneys' Fees and Costs

Sosa also seeks attorneys' fees and costs associated with the removal of this action. Under 28 U.S.C. § 1447(c) a removing defendant may be required to pay the attorneys' fees and costs associated with removal if the case is remanded. Attorneys' fees and costs may be awarded at the discretion of the Court if a defendant's removal was objectively unreasonable. Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (U.S. 2005).

Here, Bankers' removal was objectively unreasonable because the precedent in Greenfield, 154 F.2d at 952, dictates that an insured's policy limit is not the amount in controversy when a plaintiff seeks to recover unpaid benefits under an insurance policy, and does not challenge the validity of the policy. Bankers has encountered this same holding in recent cases, including Foreman, supra, which was decided one month prior to Bankers' Notice of Removal in the instant case. Accordingly, Bankers is to pay the attorneys' fees and costs associated with the removal of this action. Plaintiff is to submit an affidavit within fourteen days of the issuance of this Order itemizing attorneys' fees and costs associated with the removal of this case.

## IV.   CONCLUSION

For the foregoing reasons, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion to Remand (ECF No. 10) is

GRANTED.  This Case is REMANDED to the Eleventh Judicial Circuit Court in Miami-Dade

County.  It is further

ORDERED AND ADJUDGED that Plaintiff's Motion for Recovery of Attorneys' Fees

(ECF No. 10) is GRANTED.  Plaintiff is to submit a detailed affidavit of his attorneys' fees and

costs incurred as a result of the removal of this Case within fourteen (14) days of the issuance of

this Order.

The Clerk of the Court is instructed to administratively CLOSE this Case.  All pending

motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 22nd day of December, 2011.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:    All counsel of record